Anthony J. Giovinazzo, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Richard S. Watts,* with him *Robert S. Maerz* and *Morris Gerber, Gerber, Maerz, Bresnan & Detwiler,* for appellant.

*Mary Teresa Gavigan,* Assistant Attorney General, with her *James L. Crawford* and *Larry J. Rappoport,* Assistant Attorneys General, for appellee.

*Thomas M. Garrity,* with him *Michael J. O'Donoghue, Wisler, Pearlstine, Talone, Craig & Garrity,* for Springfield Township, appellee.

OPINION BY JUDGE WILLIAMS, JR., June 27, 1980:

Anthony J. Giovinazzo (appellant) appeals from an order of the Court of Common Pleas of Montgomery County affirming a final decision of the Pennsylvania Labor Relations Board (Board). The Board had determined that the appellant's discharge

from employment by Springfield Township (Township) was not an unfair labor practice under the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 et seq.

The appellant worked as an assistant engineer for the Township until January 17, 1975. On that date he was discharged by the Township Manager, James R. Fulginiti. On February 24, 1975 the appellant filed with the Board an unfair labor practice charge against the Township. The appellant alleged that he was discharged for attempting to organize a labor union for Township employees and that, therefore, his discharge was an unfair labor practice under Sections 1201(a)(1) and (3) of the Public Employe Relations Act. 43 P.S. §1101.1201(a)(1), (3). Based on the appellant's charge the Board issued a complaint.

The Township answered the complaint asserting that it had discharged the appellant for his failure to abide by Township rules and regulations, to obey orders and directives of his superiors, and to maintain reasonable standards of work competence. After hearings on the matter, the Board issued a nisi decision and order on September 17, 1976, ruling that the Township did not commit an unfair labor practice in resolving to end the appellant's employment, but had committed an unfair practice by accelerating the date his actual discharge was to take place.

In reaching its decision, the Board found that the Township had scheduled the appellant for discharge prior to any union activities on his part, due to a planned reorganization of its engineering department that eliminated the appellant's position. More specifically, the Board found that in late November 1974, several weeks before the appellant began his union efforts, the Township decided to discharge

him within the following four months, and so advised him. The Board also found that the reason for the planned discharge of the appellant was the Township's intention to place all of its engineering activities under the control of a full-time professional engineer, which the appellant was not.

However, the Board also determined that the Township did commit an unfair labor practice by accelerating the appellant's date of discharge to January 17, 1975, upon discovering his involvement in union activities. Accordingly, the Board ordered the Township to pay the appellant the rest of the wages he would have earned during the remainder of his four-month grace period.

On September 28, 1976 the appellant filed exceptions to the Board's nisi decision and order. Over those exceptions the Board issued a final order on March 17, 1977, affirming its nisi decision and order. The appellant appealed the Board's final order to the Court of Common Pleas of Montgomery County. The lower court, after hearing the matter *en banc,* affirmed the Board and dismissed the appeal.

It is well settled that in an appeal to this Court from a decision of the Board concerning an unfair labor practice, our scope of review is restricted to two inquiries: (1) whether the Board's findings are supported by substantial and legally credible evidence; and (2) whether the conclusions deduced from that evidence are reasonable and not capricious, arbitrary or illegal. *E.g., North Star School District v. Pennsylvania Labor Relations Board,* 35 Pa. Commonwealth Ct. 429, 386 A.2d 1059 (1978).

The evidence adduced before the Board amply supports the Board's finding that the Township had decided in November 1974 to discharge the appellant pursuant to the planned reorganization of the engi-

neering department. Mr. Fulginiti, the Township Manager, testified that at a meeting on November 23, 1974 the Township Commissioners instructed him to reorganize the engineering department within four months. This witness also testified that on November 27, 1974 he informed the appellant of the impending reorganization, the plan to hire a full-time professional engineer, and the elimination of the appellant's position. According to Mr. Fulginiti, he advised the appellant that four months was the longest his employment would last and that he should start looking for other employment. Another witness, Mr. Thomas E. James, Jr., testified that he was present when the Township Manager told the appellant of the reorganization plan, the elimination of the appellant's job, and the four-month grace period.

The credibility and weight of the testimony concerning the reorganization was exclusively for the Board to determine. *St. Joseph's Hospital v. Pennsylvania Labor Relations Board*, 473 Pa. 101, 373 A.2d 1069 (1977). That testimony was substantial evidence in support of the Board's finding that in November 1974 the Township had decided to discharge the appellant. And, because the appellant himself testified that he did not begin his union efforts until January 1975, it was only reasonable for the Board to conclude that the Township's scheduled discharge of the appellant had nothing to do with union activities. Therefore, the appellant's contention that the Board's findings are not supported by substantial evidence must fail.

Based on the Board's determination that the Township did commit an unfair labor practice in accelerating the date of discharge, the appellant asserts that the Board should have ordered him reinstated. We find no merit in that argument. The commission

of an unfair labor practice does not give the complainant a fee simple in his job or deprive an employer of the right to make staff changes. Because the Township had already planned to discharge the appellant in four months, independent of the subsequent unfair labor practice on January 17, 1975, reinstatement would have restored him to a job limited to last but a few months beyond that date. By directly awarding the appellant the wages he would have earned during the remaining life of his job, the Board avoided what would have been a hollow remedy in this case. Final orders of the Board are to be affirmed if reasonable. *Appeal of Cumberland Valley School District*, 483 Pa. 134, 394 A.2d 946 (1978). It is our conclusion that the Board's order in this case does not deviate from that standard; and we affirm.

ORDER

AND Now, the 27th day of June, 1980, the order of the Court of Common Pleas of Montgomery County dated August 16, 1978, affirming the final order of the Pennsylvania Labor Relations Board in the above-captioned matter, is hereby affirmed.