528 A.2d 278

State System of Higher Education, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued November 18, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Robert J. Schwartz,* Assistant Counsel, with him, *John D. Raup,* Chief Counsel, for petitioner.

*James L. Crawford,* for respondent.

*James L. Cowden, Handler, Gerber, Johnston, Strokoff & Cowden,* for intervenor, Association of Pennsylvania State College and University Faculties.

OPINION BY JUDGE BARRY, June 29, 1987:

This is an appeal by the State System of Higher Education of the Commonwealth of Pennsylvania (SSHE), from an order of the Pennsylvania Labor Relations Board (Board) which reversed a hearing examiner's or-

der made pursuant to an interpretation of an arbitrator's award.

SSHE and the Association of Pennsylvania State College and University Faculties (the Union) entered into a Collective Bargaining Agreement (CBA) running from July 1, 1981 through June 30, 1984. Article V of the CBA provided for grievance procedures and arbitration. On May 17, 1983, the Union filed a grievance alleging that the management of Kutztown State College violated the terms of the CBA when it failed to comply with the terms of the CBA and refused to reimburse teachers for certain course work.

At the heart of the Union's complaint was its allegation that inasmuch as "courses by special arrangement" and "individualized instruction", two forms of instruction at Kutztown State College, are virtually the same, teachers providing such instruction should be compensated for both. Courses by special arrangement are courses which are scheduled as part of the regular semester curriculum but, because of course/time conflicts, cannot be taken at the regularly scheduled time by students who may need these credits to complete their program of study. Individualized instruction is similar in that it involves courses which are *not* scheduled in a semester but are nevertheless necessary for some of the students to complete their course of study. The former was not compensable and considered a volunteer service while the latter was and still is compensable under Article XXVI, a special provision of the CBA, which reads:

### INDEPENDENT STUDY AND INDIVIDUALIZED INSTRUCTION

. . . .

C.   Individualized Instruction

A FACULTY MEMBER engaged in individualized instruction shall be paid in accordance

with Section B of this Article when the following requirements have been met:

1. The course must be a regular COLLEGE catalogue course.

2. The course is not scheduled to be taught in the particular semester.

3. The course assignment must be approved in accordance with the procedure outlined in Article VI, DUTIES OF DEPARTMENT CHAIRPERSONS before the assignment is undertaken.

The compensation formula for individualized instruction is set out in Section B of Article XXVI:

B. Independent Study Payment Formula

When the above requirements have been met, independent study shall be paid according to the following formula:

Average full time semester salary of bargaining unit x.0055 = payment per independent study credit (rounded to next highest dollar).

On January 7, 1985, the arbitrator rendered a ruling in favor of the Union. The award reads:

The practice at Kutztown University of 'Courses By Special Arrangement' violates the Collective Bargaining Agreement. As the appropriate remedy, those Faculty Members who taught courses by special arrangement without compensation commencing Fall Semester, 1980 shall be compensated consistent with the terms of the Collective Bargaining Agreement up to and including the date of the cessation of the practice in question. Grievance sustained.

Neither party appealed. SSHE compensated all aggrieved employees pursuant to the individualized instruction scale set forth in Article XXVI. The Union filed an unfair labor practice charge under Section

1201(a)(8) of the Public Employee Relations Act (Act).[1] It alleged that under the CBA teachers who taught courses by special arrangement and accumulated credit hours in excess of the maximum semester hours should be covered by the provisions of the CBA related to credit hour overload, not by the terms of the individualized instruction pay scale. Credit hour overload has a considerably higher rate of compensation.[2]

On September 5, 1985, the hearing examiner ruled that, because the arbitrator equated "courses by special arrangement" and those by "individualized instruction",[3] SSHE had complied by reimbursing the ag-

---

[1] Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1201 (Supp. 1986). This provision reads:

ARTICLE XII. UNFAIR PRACTICES

Section 1201. Unfair practices by public employer's acts prohibited

(a) Public employers, their agents or representatives are prohibited from:

. . . .

(8) Refusing to comply with the provisions of an arbitration award deemed binding under section 903 of Article IX.

[2]                    ARTICLE XXV
                       OVERLOAD

A. Credit Hour Overload

Overload for teaching FACULTY MEMBERS shall be paid at the rate one-thirtieth (1/30) of the academic year's salary for each academic credit hour in excess of fifteen (15) assigned during any academic term or in excess of twenty-four (24) assigned during any academic year.

[3] The hearing examiner drew this conclusion from the following excerpt taken from the arbitrator's discussion:

Based upon my understanding which is based upon the testimony at the hearing, as well as the background to this matter (which is of critical importance here), as well as my reading of the Collective Bargaining Agreement, I am inclined to agree with APSCUF in its assessment that at Kutztown 'Courses by Special Arrangement' are merely in-

grieved employees pursuant to the provisions of Article XXVI-C Individualized Instruction-only. He dismissed the charges and rescinded the complaint. Immediately thereafter, the Union filed exceptions. The Board reversed finding that SSHE had not fully complied with the arbitrator's award and ordered that the hearing examiner's proposed decision and order be vacated and set aside. The Board further ordered that SSHE cease and desist from interfering with, restraining or coercing employees in the exercise of the rights guaranteed under Article IV of the Act,[4] and directed SSHE to comply with the provisions of the arbitrator's award of January 7, 1985. In support of its decision, the Board states:

> [T]he award read as a whole clearly indicates that the arbitrator was seeking to place the affected employes in the position they would have been under the appropriate provision of the collective bargaining agreement had the Commonwealth not violated the contract. We believe a fair reading of the arbitration award clearly

---

dividualized instruction under a different name. This conclusion must flow from all of the elements considered here by the Arbitrator namely, the contractual language, the factual background which includes the July, 1980 Settlement Agreement, the action of the University in ceasing the 'Courses by Special Arrangement' concept, as well as all of the other relevant considerations present.

[4] Section 401. Employe rights

It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may. be required pursuant to a maintenance of membership provision in a collective bargaining agreement.

Act of July 23, 1970, P.L. 563, 43 P.S. §1101.401.

suggests the intention of the arbitrator to compensate employes who taught courses at Kutztown in the manner provided in the collective bargaining agreement.

The Board finally ordered that SSHE fully compensate all employees at Kutztown State College who met the criteria of Article XXV (Credit Hour Overload).

Our scope of review in an appeal from a decision of the Board with respect to a charge of unfair labor practice is limited to a determination of whether the Board's findings are supported by substantial and legally credible evidence, and the conclusions deduced therefrom are reasonable and not capricious, arbitrary or illegal. *In Re: Appeal from Decision of Pennsylvania Labor Relations Board,* 61 Pa. Commonwealth Ct. 207, 433 A.2d 578 (1981). ACCORD: *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. Commonwealth Ct. 377, 517 A.2d 523 (1986). Under the Act, when a complainant in a charge of unfair labor practice alleges refusal to comply with the provisions of an arbitration award deemed binding, the Board must determine: 1) if the award exists; 2) if the appeal procedure available to the party under the rule has been exhausted; and then 3) whether the party has failed to comply with the provisions of the arbitrator's decision. *Pennsylvania Labor Relations Board v. Commonwealth of Pennsylvania,* 478 Pa. 582, 387 A.2d 475 (1978). The complainant in an unfair labor practice suit has the burden of proving the charges alleged. *St. Joseph's Hospital v. Pennsylvania Labor Relations Board,* 473 Pa. 101, 373 A.2d 1069 (1977).

On appeal, SSHE alleges that the Board exceeded its authority and acted contrary to the unmistakable language of the arbitrator's award by construing the award to include compensation to teachers under both the individualized instruction provisions and the credit hour

overload provisions of the CBA. In addition, SSHE maintains that the Board erred because no factual basis exists in the record to support the Union's assertion and the Board's ruling that any of the aggrieved employees had met the requirements for receiving compensation under the credit hour overload provisions.

We must determine whether the Board's interpretation of the arbitrator's award is supported by the record, violative of the SSHE's constitutional rights or contrary to existing law.

After reviewing the record we affirm the Board. A review of the grievance filed by the Union, and the discussion by the arbitrator reveals that although he addressed the proposed violations in a general and conclusory manner, he did not intend nor did he direct, as SSHE insists, that any union member be compensated in a manner contrary to the terms of the CBA. The language of the award and the arbitrator's discussion clearly evidence the arbitrator's intent that the Union members be made whole under the terms of the CBA. The CBA provides in Article XXV-A for payment of credit hour overload for all courses. The only exception to the regular pay scale and the credit overload scale is individualized instruction. However, this scale does not apply to courses by special arrangement under C. A2. which limits individual instruction treatment to courses not scheduled to be taught in the regular semester. Courses by special arrangement are scheduled courses which have been assigned special times. Therefore, courses by special arrangement are, as is individualized instruction, compensable teaching activities. Under the terms of the CBA, courses which are *not* scheduled are restricted to individualized instruction treatment — at a lower rate of compensation — while courses which are scheduled and which include an overload of hours are not restricted, thus subject to the credit hour provisions

of the CBA and are compensable at this higher rate. The provisions in the CBA limiting the application of the individualized instruction pay scale are not negated because the arbitrator, apparently to point out the similarity in work responsibilities, equated courses by special arrangement with courses of individualized instruction. Thus, inasmuch as courses by special arrangement are scheduled courses, teachers providing such instruction must be compensated according to the terms of the CBA relating to scheduled courses, including those terms related to over-time pay — credit hour overload. Of course, the Board's ruling does not mandate compensation of teachers who do not demonstrate that they have met the requisite number of hours to qualify for credit hour overload.

In conclusion, we believe the Board has acted properly in vacating and setting aside the hearing examiner's proposed decision and order and making its own conclusion that the SSHE is guilty of an unfair labor practice by refusing to comply with the terms of the arbitration award rendered January 17, 1985.

## Order

Now, June 29, 1987, the order of the Pennsylvania Labor Relations Board, dated December 19, 1985, sustaining the exceptions filed by the Association of Pennsylvania State College and University Faculties, is affirmed.