**UNIONTOWN AREA SCHOOL
DISTRICT, Appellant,**

v.

**PENNSYLVANIA LABOR RELATIONS
BOARD, In Behalf of Uniontown Area
Education Association and Yolanda S.
Defino.**

Commonwealth Court of Pennsylvania.

Argued March 11, 1997.
Decided May 7, 1997.
Reargument Denied July 1, 1997.

Douglas S. Sepic, Uniontown, for appellant.

Elizabeth Kelly, Harrisburg, for appellee, PLRB.

Before COLINS, President Judge, KELLEY, J., and JIULIANTE, Senior Judge.

COLINS, President Judge.

This case involves unfair labor practices allegedly committed by the Uniontown Area School District against its employee Yolanda Defino. As a result of her non-selection for the position of Principal of the Benjamin Franklin School, Ms. Defino charged that the district committed unfair labor practices in violation of Section 1201(a)(3) and (5) of the Public Employe Relations Act[1] (referred to as PERA or Act). Ms. Defino charges that the Uniontown Area School District engaged in anti-union animus when it failed to offer her the principal position because of her active role in the union during her fifteen years of service with the district.

After a hearing and decision by a hearing examiner, the Pennsylvania Labor Relations Board (PLRB) found Uniontown School District had committed unfair labor practices in violation of Section 1201(a)(1) and (3) of PERA, 43 P.S. § 1101.1201(a)(1), (3), when it failed to appoint Ms. Defino to the position of principal. The PLRB vacated and set aside several of the hearing examiner's proposed findings of fact and entered the Final Order set forth below, in relevant part.

IT IS HEREBY FURTHER ORDERED AND DIRECTED that the Employer shall:

1. Cease and desist from interfering with, restraining or coercing employees in the exercise of the rights guaranteed in Article IV of the Act.

2. Cease and desist from discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership of any employe organization.

3. Take the following affirmative action which the Board finds necessary to effectuate the policies of the Act;

(a) Rescind the appointment of the incumbent principal of the Benjamin Franklin School and award the position of principal of that school to Yolanda S. Defino along with compensation for the difference in pay between her salary as guidance counselor and the salary she would have received as principal beginning in 1991–92 and continuing until the date is awarded the position.

(PLRB Final Order pp. 9–10; R.R. p. 560a–561a.) Common pleas court affirmed. We conclude common pleas court committed an error of law when it concluded that Ms. Defino was entitled to the protection of PERA when applying for a non-contract managerial position. Accordingly, we reverse the order of that court.

**Factual Background**

Benjamin Franklin School is an elementary school within the jurisdictional limits of the Uniontown Area School District (district). The district is a public employer within the meaning of Section 301(1) of PERA, 43 P.S. § 1101.301(1). The Uniontown Education Association (Association) is an employee organization within the meaning of Section 301(3) of PERA. Ms. Defino (Defino) is a member of the Association.

Defino was employed by the district as a guidance counselor. In 1990, when Principal Coffman became ill, the school board adopted a resolution appointing Defino to serve as acting principal for the remainder of the school year. At the end of the 1990–91 school year Coffman resigned as principal, whereupon, the school board posted and advertised the vacant principal position and subsequently interviewed two individuals for

---

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

the position. Ms. Defino was one of the interviewees.

During the interview process, Ms. Defino was questioned by school board members regarding her ability to "change hats" from union official to school administrator. (PLRB Final Order p. 2; R.R. p. 553a.) The school board also questioned Ms. Defino on her experience, her managerial style, her attitude toward evaluating teachers, and other matters related to the management of the school. Salary and willingness to transfer to another school were also considered.

Also interviewed was Albert Packan. Mr. Packan's [2] interview was similar to Ms. Defino's with exception that there is no evidence Mr. Packan was questioned regarding union involvement. Ultimately, the Board appointed Mr. Packan to the position.

### Ms. Defino's Charge

The hearing examiner found that the evidence did not support Defino's charge of unfair labor practices in violation of Section 1201(a)(1), (3) and (5) of PERA, 43 P.S. § 1101.1201(a)(1), (3), (5). In so concluding, the hearing examiner noted that while there was evidence that the school board was concerned about Ms. Defino's union involvement, there was also evidence establishing that the candidate selected was well qualified for the position.

The hearing examiner noted that Mr. Packan had twelve years of experience as an elementary school principal as opposed to Ms. Defino's two years as acting principal. That in the twelve years, Mr. Packan was actually responsible for all aspects of the school, whereas, Ms. Defino was a custodian of the position until the then-ill principal was able to return.

Exceptions to the hearing examiner's Proposed Decision and Order were filed by the Association. The PLRB vacated the order finding there was substantial evidence sup-

porting Ms. Defino's charge of anti-union animus, and determined that the district had committed unfair labor practices in violation of Section 1201(a)(1) and (3). The district appealed to common pleas court arguing that anti-union animus may not be the basis for unfair labor practices charge when the complainant is an unsuccessful candidate for principal in a public school district because it is a managerial position. Disagreeing with the district's position, common pleas court affirmed the PLRB, and the matter is now before us for review.

Our review of PLRB cases where the case is first presented to the common pleas court [3] is limited to determining whether substantial evidence supports the findings and whether the conclusions based on those findings are reasonable and not arbitrary, capricious, or incorrect as a matter of law. *Joint Bargaining Committee of the Social Services Union v. Pennsylvania Labor Relations Board*, 503 Pa. 236, 469 A.2d 150 (1983), *affirmed*, 503 Pa. 236, 469 A.2d 150 (1983). The dispositive issue presented for review is whether an employee who is a rank and file bargaining unit member of the union is statutorily protected when seeking a supervisory/managerial position outside the bargaining unit.

This being a case of first impression, it is appropriate to look to federal decisions for guidance, since there is no meaningful difference between the established policies of the National Labor Relations Act and PERA. *Appeal of Cumberland Valley School District*, 483 Pa. 134, 394 A.2d 946 (1978); *Appeal from Decision of Pennsylvania Labor Relations Board*, 61 Pa.Cmwlth. 207, 433 A.2d 578 (1981). At first blush it would appear that *National Labor Relations Board v. Bell Aircraft Corp.*, 206 F.2d 235 (2d Cir.1953) and *Little Lake Industries, Inc.*, 233 N.L.R.B. 1049, 1977 WL 9387

---

**2.** At the time of the interview, Mr. Packan was not an employee of the district.

**3.** Commonwealth Court has direct appellate jurisdiction over appeals from the PLRB where charges are filed pursuant to Act 111, the Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10, and appeals filed under PERA/Act 195

involving Commonwealth employees. All other appeals under PERA are first filed with the courts of common pleas. 42 Pa.C.S. §§ 763, 933; *Philadelphia Housing Authority v. Pennsylvania Labor Relations Board*, 153 Pa.Cmwlth. 20, 620 A.2d 594, *petition for allowance of appeal denied*, 536 Pa. 634, 637 A.2d 294 (1993).

(1977) are applicable to the case *sub judice*. However, closer scrutiny reveals the two cases are factually distinct from the case before the court.

*Bell Aircraft* involved a bargaining unit member, denied a promotion to a supervisory position solely, on the basis of his unauthorized union activities. All parties agreed, that but for complainant's union activities, complainant would have received the promotion. In *Little Lake*, after having been promised a promotion, the bargaining unit employee was denied the promotion because of his union activities.

Both cases involve bargaining unit employees denied a supervisory position because of union activity. Both cases also involve promotions that occur within the framework of a hierarchical unit that includes management and bargaining unit members bound by the terms of a collective bargaining agreement. Thus, while the supervisory position takes the union employee "out of the union"—to obtain the supervisory position one must be a member of the union. That lone fact distinguishes the federal cases from the case *sub judice*.

The position of Benjamin Franklin Elementary School Principal was open to the general public. The position was posted at the school and published in the local newspapers. Presumably, through posting and publication of the vacancy notice, it was the desire of the school board to appoint the most qualified person to the position of principal.

There is no evidence of record establishing that the collective bargaining agreement contains a provision regarding promotions to supervisory positions. Neither is there evidence of record indicating that the school board offered Ms. Defino the position and subsequently withdrew the offer. Instead, the record clearly discloses that the position of principal was open to all qualified candidates regardless of union affiliation. Further, it is undisputed that the position of principal is a management position not protected by PERA.[4]

PERA recognizes that employees have the right to self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, over terms and conditions of employment.[5] Simultaneously, PERA vests in the employer the exclusive right to manage its own affairs. Thus, while terms and conditions of employment are subjects of collective bargaining, issues of inherent managerial concern are exclusively within the province of the employer. Section 1201 of PERA safeguards employees rights through its mandate that

> (a) Public employers, their agents or representatives are prohibited from:
>
> > (1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.
> >
> > . . .
> >
> > (3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any employee organization.

43 P.S. § 1101.702.

4. Section 702 of the Act states:

 Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by the public employe representatives.

5. Section 401 of the Act states:

 It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement.
 43 P.S. § 1101.401.

43 P.S. § 1101.1201(a)(1), (3). Section 301 of PERA defines the term "employee" to include "any individual employed by a public employer but shall not include ... management level employes...." 43 P.S. § 1101.301. The scope of PERA is confined to the employer/employee relationship as it applies to non-management or non-supervisory positions. Once an employee seeks a management level position outside the collective bargaining agreement, the employee is no longer protected by PERA.[6]

Because PERA itself is limited to collective bargaining agreements and non-management positions, we conclude that the common pleas court erred in concluding that PERA governs situations in which a collective bargaining unit employee applies for a position that is outside the scope of the collective bargaining agreement.

 Considering the above analysis within the factual context of this case, we emphasize first that the position of principal is a management position not governed by PERA. Second, we note that there is no collective bargaining agreement provision mandating that the position of principal will be filled through a "promotion system." Third, we note that Ms. Defino was never offered the position. We therefore conclude that union employees seeking a non-promotion, management level position are not covered employees for the purposes of PERA.[7]

Based on the foregoing, we conclude that common pleas court erred as a matter of law in finding that Defino's activities were covered by PERA.[8] Accordingly, the order of the Court of Common Pleas of Fayette County is reversed.

### ORDER

AND NOW, this 7th day of May, 1997, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is reversed.

---

6. This conclusion is limited exclusively to management or supervisory positions not set forth in Section 301(2) of the Act. It is further limited to promotions that are not the subject of a collective bargaining agreement.

7. We recognize that this decision is limited in scope and that other factors not present here may enter into our analysis in other contexts.

8. We find this issue disposes of the case as a whole. Therefore, we are not addressing the remaining issues asserted on appeal.