**WAGE AND POLICY COMMITTEE OF the WILKINS TOWNSHIP POLICE DEPARTMENT, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1997.

Decided March 13, 1998.

James L. McAneny, Harrisburg, for petitioner.

Elizabeth Kelly, Harrisburg, for respondent.

Douglas I. Happel, Pittsburgh, for intervenor, Township of Wilkins.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Before the Court is an Act 111[1] proceeding involving the Wage and Policy Committee of the Wilkins Township Police Department (union), the Township of Wilkins (employer), and the Pennsylvania Labor Relations Board (PLRB). Procedurally, this Court is reviewing the union's appeal from the final order of the PLRB that sustained the exceptions filed by the employer to the Proposed Decision and Order (PDO) of the hearing examiner and dismissed the union's charge of unfair labor practices filed against the employer. The Board's order is affirmed.

From January 1, 1993 to December 31, 1995, employer and union were parties to a collective bargaining agreement (CBA) that contained the following relevant provisions:

Article XII–Holidays

B. Police officers required to work on a holiday will have the choice of receiving:

(1) Either time and one-half (1½) for the holiday worked plus eight (8) hours' holiday pay for the holiday; or

(2) Straight time for the holiday worked and an alternative day off with pay. If the latter choice is exercised, the alternative day off shall be set as close to the date desired by the officer as possible; subject, however to the need to maintain the required number of men on duty.

\* \* \*

G. Bargaining unit employees shall have five (5) paid personal leave days available to them annually. These may be taken any time of the year. Officers must give forty-eight (48) hours' notice as a precondition to using personal days. The Township may waive the 48–hour notice requirement. In the case of an emergency (an unpredictable event which involves the clear necessity of the officer being some place other than at work), the 48–hour notice requirement is waived.

Article XVIII GENERAL PROVISIONS

\* \* \*

J. Any practice established since January 1, 1990, and not modified by this Agreement, shall remain in full force and effect.

Article XXI MERGER

This writing is intended by the parties as a final expression of their agreement and as a complete and exclusive statement of the terms thereof.

(Record at 76a.)

A 1995 grievance arbitration award found an enforceable past practice existed between the parties permitting police officers to retroactively designate days worked as "personal days" with the rate of compensation set at time and one-half. Subsequently, negotiations for a new CBA began. Prior to the expiration of the CBA, employer's and union's inability to reach a successor agreement was resolved through Act 111 binding arbitration (interest arbitration). The interest arbitration award provided:

The present collective bargaining agreement shall continue in full force and effect, during the term of the agreement described in this award, except to the extent explicitly modified by the terms of this award.

(Record at 75a.)

Thereafter, employer issued two written directives requiring employees to make all future requests to use personal days in writing, at least forty-eight (48) hours in advance. The directive was predicated on Article XII(G) of the CBA. Additionally, employer's notice required that requests for personal

---

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10.

days be time-stamped, using employer's time clock.

On February 5, 1996, the union filed a charge of unfair labor practices with the PLRB. Specifically, the union alleged that subsequent to the 1995 grievance award, employer issued directives affecting the terms and conditions of employment affecting the bargaining unit, and that those directives constituted an attempt to circumvent the 1995 grievance award. The union asserted that the aforesaid acts constituted an unfair labor practice in violation of Section 6(1)(a) and (e) of the Pennsylvania Labor Relations Act[2] (PLRA) and Act 111. (Record, pp. 1–3.)

After reviewing the union's charge and the evidence submitted in support thereof, the hearing examiner issued a PDO finding that employer issued directives contrary to the 1995 grievance award. Thus, employer had committed an unfair labor practice within the meaning of Section 6(1)(a) and (e) of the PLRA.

Employer filed exceptions to the PDO. After reviewing the charge of unfair labor practices and the exceptions, the PLRB issued a final order sustaining the exceptions, vacating and setting aside the PDO, and dismissing the charge of unfair labor practices and rescinding the complaint issued thereon. The union appeals that decision to this Court.

■ The sole issue[3] presented for our consideration is whether the PLRB exceeded its jurisdiction by reviewing the merits of the grievance arbitration award.

■ The PLRB's jurisdiction includes the determination of whether an employer's alleged failure to comply with a grievance arbitration award constitutes an unfair labor practice. *Smith v. Borough of Castle Shan-*

*non,* 163 Pa.Cmwlth. 531, 641 A.2d 671 (1994). In the discharge of that duty, the PLRB determines whether a grievance arbitration award exists and whether the appeal process was exhausted; the PLRB examines the evidence to determine whether the employer failed to comply with the grievance arbitration award. *Pennsylvania Labor Relations Board v. Commonwealth,* 478 Pa. 582, 591, 387 A.2d 475, 479 (1978). The PLRB does not review the merits of the award. *Id.* Here, after reviewing the evidence, the PLRB concluded that the union failed to sustain its burden of proof. We must agree.

■ Undisputed are the facts that a grievance award exists and that appeals were exhausted. The issue remaining is one of compliance, which requires no showing of anti-union animus or willful noncompliance with the grievance arbitration award. *Crawford Central School District v. Pennsylvania Labor Relations Board,* 152 Pa.Cmwlth. 277, 618 A.2d 1202, 1206 (1992). "So long as the PLRB's interpretation of the arbitrator's award is supported by the record, not violative of constitutional rights, or contrary to law it should be affirmed." *Id.* 618 A.2d at 1206, (citing *State System of Higher Education v. Pennsylvania Labor Relations Board,* 107 Pa.Cmwlth. 151, 528 A.2d 278, 281 (1987)).

There is no evidence to support the union's contention that the PLRB reviewed the merits of the grievance arbitration award. The PLRB found that consistent with Article XII(G) of the CBA, employer issued a directive requiring bargaining unit members to give 48–hour written notice as a precondition to using personal days. The PLRB found that consistent with Article XII(G) of the

---

**2.** Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§ 211.6(a) and (e).

**3.** After reviewing the brief filed on behalf of the union and the rules of procedure pertaining to the filing of briefs, we will review only the first issue presented. The remaining issues present argumentative conclusions, citing little or no supporting legal authority.

Of the eight elements required of a Commonwealth Court brief, see Pa. R.A.P. 2111(a), it is the sixth element pertaining to the "Argument"

section that is the most important. In this section, an appellant or a petitioner fully explains the rationale for the appeal. Each issue set forth in this section must contain a cogent discussion of the specified legal issue, accompanied by relevant citation to supporting authority. Pa. R.A.P. 2119(b); see G. Ronald Darlington, et al., Pennsylvania Appellate Practice 2d § 2119:4 (1996). Here, the brief filed on the union's behalf properly addresses only one issue; thus, the remaining issues will not be considered.

CBA employer could waive the 48–hour notice requirement. Both of these findings are supported by the record, as is the finding that the union failed to present evidence establishing employer's noncompliance with the 1995 grievance award. The PLRB's review of these issues was within its jurisdictional limitation; thus, we conclude the union's contention is without merit.

Accordingly, we affirm the order of the Pennsylvania Labor Relations Board.

### ORDER

AND NOW, this 13th day of March, 1998, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is affirmed.