Joseph Kleschick, Appellant *v.* Joseph O'Neill et al.

Argued April 7, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Stanley Bashman,* with him *Bashman & Wolf;* for appellant.

*Gayle R. Smith,* Assistant to the City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, JR., April 28, 1978:

This is an appeal from a decision of the Court of Common Pleas of Philadelphia County denying ap-

pellant's request that a mandamus order be issued forcing the appellees to reinstate appellant to his position as a police officer with the Philadelphia Police Department (Department). We affirm the lower court.

Appellant was dismissed from the Department on May 18, 1974. He appealed this decision to the Philadelphia Civil Service Commission (Commission). The Commission ordered that appellant be reinstated without back pay on the first day of the next pay period following their opinion, which was dated April 4, 1975. This decision was eventually appealed to this Court and affirmed. *Kleschick v. Civil Service Commission*, 27 Pa. Commonwealth Ct. 125, 365 A.2d 700 (1976).

Appellant was not reinstated, however, and the instant suit was then initiated. The basis for appellees' failure to reinstate appellant is Section 9.1411 of the Civil Service Regulations of Philadelphia, which reads as follows:

An employee who is reinstated or has been absent from work for a period of three (3) months or longer due to layoff, illness, leave without pay, or military leave shall be required to pass satisfactorily a medical examination before returning to work.

Appellant did not pass his medical exam, since x-rays revealed that he suffers from bilateral spondylolysis and spondylolisthesis. These are congenital back conditions which involve a defect in the arch of the vertebrae and a slippage of adjacent vertebrae. It is the policy of the Department to reject applicants for the uniformed services who suffer from these conditions because studies have shown that these people are disproportionately subject to back injuries. Appellant does not contest the fact that he possesses these congenital back conditions.

Appellant's primary contention is that he should not have been subject to the medical examination requirements. He argues that he was merely returning to work after a disciplinary suspension and was not entering the force as a new recruit. Appellant would therefore have us hold that he never lost his status as a police officer and should have been reinstated to the Department immediately following the Commission's April 4, 1975 order. We agree that the result of the Commission's order to reinstate appellant without emoluments on the next pay period following the order made his return to work equivalent to returning after a disciplinary suspension. We agree that he did not thereby lose his status as a police officer. It is the same situation as if he were returning from an absence from work for three months or longer due to layoff, illness, leave without pay, or military leave. Surely it could not be successfully argued that his status of disciplinary suspension gives him greater rights to return to duty than a layoff, a military leave, or leave without pay. We must affirm.

The regulation in question is clearly applicable to the appellant. He has not alleged nor is there any evidence that the regulation, or the accompanying policy of rejecting those people who suffer from certain congenital back defects, have been applied to him in bad faith or in an otherwise arbitrary manner. Furthermore, the establishment of objective medical criteria which an applicant for a position with the Department must meet is an act which lies within the sound discretion of the appellees. As such, appellant has failed to establish that he "has a legal right to enforce which is specific, well-defined, and complete;" or that there is "a corresponding positive duty resting upon the [appellees]." *Pittenger v. Union Area School Board*, 24 Pa. Commonwealth Ct. 442, 445, 356 A.2d 866, 868 (1976); *see also, Board of Commission-*

*ers v. Turner,*      Pa. Commonwealth Ct.      , 382 A. 2d 1248 (1978).  We therefore hold that appellant has not satisfied the criteria established for successfully maintaining an action in mandamus.

Appellant has raised in his appeal to this Court the issue of whether the appellees are equitably estopped from asserting appellant's congenital disabilities as a basis for not reinstating him.  Since this contention was not raised below, but rather has been raised for the first time on appeal, we will not consider it.

Accordingly, we will enter the following

ORDER

AND Now, April 28, 1978, the decision of the Court of Common Pleas of Philadelphia County, at No. 3962 November Term, 1975, dated January 14, 1977, is affirmed.