512 A.2d 103

The School District of the City of Duquesne, Appellant *v.* Duquesne Education Association, PSEA/NEA, Appellee.

Argued June 12, 1986, before Judge MACPHAIL, Senior Judges ROGERS and BARBIERI, sitting as a panel of three.

*Robert L. McTiernan, Tucker Arensberg, P.C.,* for appellant.

*Ronald N. Watzman,* for appellee.

OPINION BY SENIOR JUDGE ROGERS, July 18, 1986:

This is the appeal of the School District of the City of Duquesne (School District) from an order of the Court of Common Pleas of Allegheny County denying the School District's petition to vacate arbitration awards granting two of the school district's furloughed teachers a sum equivalent to their sabbatical salary entitlement plus statutory interest less unemployment compensation actually received.

The School District and the Duquesne Education Association (Association) entered into a collective bargaining agreement which provided the following with respect to sabbatical leave:

1. Teachers who have been employed for ten (10) years in a public school district in the Commonwealth may be granted a sabbatical leave, the teacher shall be considered to be in the employ of the Board and shall be entitled to a sec-

ond sabbatical leave and every seven (7) years thereafter. During said sabbatical leave, the employee shall be paid one-half (1/2) of his salary.

2. The Board will grant sabbatical leaves in accordance with the provisions of the laws of the Commonwealth of Pennsylvania.

The School Board decided to furlough twenty-two employees for the 1983-84 school year. Three of these employees were teachers who had been employed by the School District for more than ten years (Helen Kuhn (14 years), Thomas Sturm (11 years), and Nancy Gregris (10.5 years)). Each of these teachers then applied for sabbatical leave for the 1983-84 school year. The School District granted sabbatical leaves to four other teachers for the 1983-84 school year but failed to consider the applications of Kuhn, Sturm and Gregris on the ground that they were not entitled to such leave while on furlough. The Association filed a grievance on behalf of the teachers which eventually came to arbitration.

The arbitrator held that the three teachers were entitled to a sabbatical during the 1983-84 school year despite their furlough. He directed the parties to attempt a resolution of the remedy by agreement and to report back. When the parties were unable to agree upon remedies, the arbitrator conducted a further hearing and issued an order sustaining the grievances of Helen Kuhn and Thomas Sturm and denying the grievance of Nancy Gregris[1] and further directing the School District to pay Helen Kuhn and Thomas Sturm a sum equivalent to their sabbatical salary entitlement, plus interest, less

---

[1] The arbitrator held that while Nancy Gregris met the requirements necessary to entitle her to a sabbatical, she did not have enough seniority to place her among the teachers that the School District would have given a sabbatical leave for the 1983-84 school year as explained in more detail later.

unemployment compensation actually received, and to pay the offset for unemployment compensation to the appropriate Commonwealth agency.

Both the Association and the School District appealed the arbitration award to the Court of Common Pleas of Allegheny County. The Association complained of the failure of the arbitrator to award sabbatical leave to Nancy Gregris and the School District complained of the arbitrator's action of awarding sabbatical leaves to Helen Kuhn and Thomas Sturm and of his having failed in any event to set off against the award of sabbatical salary the amounts which Kuhn and Sturm had earned as substitute teachers during the 1983-84 school year. The court of common pleas upheld the award of the arbitrator.

Only the School District has appealed the common pleas court's order. It contends that the arbitrator committed an error of law in his interpretation of the Public School Code of 1949 (School Code)[2] as permitting sabbaticals and in not allowing a set-off of Kuhn and Sturm's earnings against their sabbatical pay.

In this class of case, our review is limited to the determination of whether the arbitrator's award draws its essence from the collective bargaining agreement. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977). "An award draws its essence from the collective bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intentions." *City of Scranton Appeal*, 59 Pa. Commonwealth Ct. 141, 144, 428 A.2d 1048, 1049 (1981). Parties to a

---

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101—27-2702.

collective bargaining agreement have "bargained for the arbitrator's construction, not the court's; thus a court has no business intruding into the domain of the arbitrator because its interpretation of the agreement differs from [the arbitrator's]." *Scranton Federation of Teachers v. Scranton School District*, 498 Pa. 58, 65, 444 A.2d 1144, 1147 (1982).

The arbitrator's decision was founded on the parties' collective bargaining agreement. His interpretation is a reasonable one especially in light of *Ridley School District v. Ridley Education Association*, 84 Pa. Commonwealth Ct. 117, 479 A.2d 641 (1984), where under similar facts we held that a teacher who met all the requirements for sabbatical leave was properly found by the arbitrator to be entitled to the leave and might not be denied that right on account of a furlough from her position.

The School District contends that the arbitrator's decision not to allow a set-off for earnings violates Section 1167 of the School Code, 24 P.S. §11-1167, which the School District says forbids the School District from granting sabbatical leaves to more than ten percent of its eligible employees. Section 1167 of the School Code places no such limitation upon the School District. It states:

> Applications for leaves of absence shall be given preference, according to the years of service since the previous sabbatical leave of the applicant, and in accordance with regulations adopted by the board of school directors.
>
> No school district shall limit the number of leaves of absence granted in any school year to less than ten per centum (10%) of the number of persons eligible for such leave of absence regularly employed in such district. . . .

The School District, noting that the record shows that ten percent of the number of persons eligible for sabbaticals in the 1983-84 school year was five, contends that Section 1167 limits the number of its employees which might be granted leaves to five, so that the arbitrator's order that the District grant leaves to two persons in addition to the original four to whom it granted leaves, exceeds the limitation. This is a misconstruction of Section 1167 which forbids the school district from *limiting* the number of sabbaticals to less than ten percent but does not prevent the grant of sabbaticals to *more than* ten percent of those eligible.

We agree with the arbitrator that the School District is not entitled to a set-off for the earnings of the employees while on furlough. While a teacher is on sabbatical leave, he receives one half of his salary as support while he travels or studies. The teachers here were refused sabbaticals and denied the half pay to which they were entitled. They perforce worked as substitute teachers rather than engaged in the rest, travel or study which sabbaticals would have afforded them. This was not an occasion for mitigation.

Order affirmed.

### ORDER

AND NOW, this 18th day of July, 1986, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.