## Wishnow v. City of Philadelphia

*Deborah Willig,* for plaintiff.

*Richard C. McNeill Jr., assistant city solicitor,* for· defendant.

LEHRER, *J.,* June 27, 1987 — Before us are defendant's motion for summary judgment and plaintiff's cross motion. For reasons set forth below, we grant plaintiff's cross motion for summary judgment and order plaintiff reinstated with the Philadelphia Police Department.

A motion for summary judgment may be granted when there is no genuine issue as to any material fact and therefore, the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035.

The stipulated facts are as follows: On March 28, 1982, Donald Wishnow, plaintiff, was employed by the City of Philadelphia, defendant, as an evidence technician trainee with the Police Department. Pursuant to 351 Pa. Code §7.7-401(j)(19xx), plaintiff was required to serve a six month probationary period. During a work shift, on July 31, 1982, plaintiff processed criminal defendants, Joseph Pedulla and Victor DeLuca. Subsequently, an investigation was conducted by the Police Internal Affairs Department and the district attorney's office into the arraignment of these criminal defendants. Plaintiff was interrogated on several occasions and was requested to submit to a polygraph examination. Plaintiff refused. Thereafter, plaintiff was rejected for a civil service position based on his non-compliance with the polygraph. Both parties agreed that the issues are appropriately resolved by cross motions for summary judgment. In addition, plaintiff seeks reinstatement to his former position with the city.

The city argues that plaintiff's dismissal is consistent with public policy because of a certain exemption provided for by the Pennsylvania General Assembly.

18 Pa. C.S. §7321 (1983) provides that:

"(a) *Offense defined.* — A person is guilty of a misdemeanor of the second degree if he requires as a condition for employment or continuation of employment that an employee or other individual shall take a polygraph test or any form of a mechanical or electrical lie detector test.

"(b) *Exemption.* — The provision of subsection (a) of this section shall not apply to employees or other individuals in the field of public law enforcement or who dispense or have access to narcotics or dangerous drugs."

However, in *Marion v. Green,* 95 Pa. Commw. 210, 505 A.2d 360 (1986), the court ordered reinstatement of a police officer who was dismissed for his refusal to submit to a polygraph. *Id.* The *Marion* court did not invalidate the staute, but found notice was. a necessary requirement for the use of the polygraph. The opinion noted that "the mere exemption in 18 Pa.C.S. §7321, a criminal statute, does not amount to a grant of power, nor does it notify interested parties that the Philadelphia Police Department does in fact require the submission to a polygraph test before reinstatement as a standard procedure."

In *DeVito v. Civil Service Commission* 404 Pa. 354, 172 A.2d 161 (1961), the Pennsylvania Supreme Court held that a Philadelphia police officer's refusal to submit to a polygraph did not constitute just cause for dismissal. Even though *DeVito* was decided prior to the passage of section 7321, the *Marion* court noted that "the passage of the provision granted no further authorization to law en-

forcement officials regarding the use of the polygraph than they enjoyed before its passage." *Marion, supra.*

Thus, a regulation giving notice to a probationary employee that his probation may be terminated or permanent status denied him for failure to submit to the polygraph test appears to be required.

In the absence of such required notice the statute cannot be a ban to reinstatement.

The pleadings in this case and in particular defendant's brief, fail to indicate that such a regulation exists. The court assumes therefore that to be a fact. The result reached here is otherwise consistent with public policy because the use of a polygraph is judicially unacceptable in this commonwealth, *DeVito v. Civil Service Commission, supra,* and the results are not admissible evidence because of their unreliability. *Commonwealth v. Saunders,* 386 Pa. 149, 125 A.2d 442 (1956).

The city has argued that plaintiff was a probationary employee rather than a permanent employee, and therefore, their dismissal was "at will" without considerations to public policy and constitutional rights.

We reject this distinction for two reasons: (1) the city has limited its "at will" authority through Civil Service Regulation (Chaper 14) regarding probationary employees. It therefore sets forth certain standards which are limiting; and (2) plaintiff was to become a permanent employee five days after his dismissal and had substantially changed his position. His successes are just as vital as a permanent employee. We see no reason to rule that the requirement of notice should not be applicable to probationary employees in light of these facts. As noted above, we are confronted with the fundamental is-

sue of proper notice which also touches upon constitutional considerations.

Although this court is not deciding the issues before it on constitutional grounds, it may very well be that plaintiff's privilege against self-incrimination and his fundamental right of privacy would be violated by accepting the city's position. See *DiCiacco v. Civil Service Commission of City of Philadelpha,* 37 Pa.Commw. 77, 389 A.2d 703 (1978) (city charter compelling waiver of Fifth Amendment rights under the threat of being fired was unconstitutional); See also, *Long Beach City Employees Association v. City of Long Beach,* 41 Ca. 3d 937, 227 Cal. Rptr. 90, 719 P.2d 660 (1986) (similar statute to section 7321 violated right of privacy and equal protection under the law.) Although this case involved a departmental (non-criminal) investigation, in which plaintiff was not a target, it may have been transformed into a criminal investigation against him. Nor can it be argued that plaintiff here had waived his Fifth Amendment rights by answering the questions prior to the request to repeat the same under polygraph. See *DeVito, supra.*

Since the city has not acted arbitrarily, the court, in its discretion, rejects plaintiff's claim for back pay. However, a reasonable attorney's fee will be allowed.