Keith **ANDERSON, Rita Michetti, Stephen J. McCarron, Robert R. Naimoli, Charles Plower, Frank Rascento and Lasonya D. Turley on behalf of themselves and all others similarly situated**

v.

The **CITY OF PHILADELPHIA, Philadelphia Police Commissioner Kevin Tucker and Superintendent of Prisons David Owens, Jr., both in their individual and official capacities and the Commonwealth of Pennsylvania.**

Civ. A. No. 86–7571.

United States District Court,
E.D. Pennsylvania.

Aug. 28, 1987.

David Kairys, Stefan Presser, Philadelphia, Pa., for plaintiffs.

Susan Shinkman, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

The plaintiffs, all of whom were denied employment by the City of Philadelphia on the sole ground that they did not pass a required polygraph test, brought this action to enjoin the use of such test, which they allege deprives them of rights guaranteed by the federal and state constitutions. Trial was held on July 31, 1987.

The plaintiffs claim, and the defendants do not deny, that each of the named plaintiffs ranked high enough on the civil service roster to warrant active consideration for employment with the Philadelphia Police Department and the Philadelphia Prisons. The defendants allege that the poly-

graph test "is *not* the sole determiner of hiring decisions in Philadelphia, but one of several tests including a written test, medical examination, background investigation, and psychological examination, all of which must be passed. (Exhibit P–3, Stipulation ¶ 1)." (Defendants' Post-Trial Memorandum, page 2).

18 Pa.C.S. § 7321 provides:

(a) *Offense defined.*—A person is guilty of a misdemeanor of the second degree if he requires as a condition for employment or continuation of employment that an employee or other individual shall take a polygraph test or any other form of a mechanical or electrical lie detector test.

(b) *Exception.*—The provisions of subsection (a) of this section shall not apply to employees or other individuals in the field of public law enforcement or who dispense or have access to narcotics or dangerous drugs.

That section became effective in 1973.

"[T]he current state of the law in [Pennsylvania] remains as stated by the Pennsylvania Supreme Court in the 1976 case of *Commonwealth v. Gee*, 467 Pa. 123, 354 A.2d 875 (1976): '[T]he results of a polygraph examination are inadmissible for *any* purpose in Pennsylvania because the scientific reliability of such tests has not been sufficiently established.' *Id.* at 141, 354 A.2d at 883 (emphasis added)." *Tp. of Silver Spring v. Thompson*, 90 Pa.Cmwlth. 456, 496 A.2d 72, 75 (1985).

"The mere exemption in 18 Pa.S. § 7321, a criminal statute, does not amount to a grant of power ..." *Marion v. Green*, 95 Pa.Cmwlth. 210, 505 A.2d 360, 363 (1986). In *DeVito v. Civil Service Commission of the City of Philadelphia*, 404 Pa. 354, 172 A.2d 161 (1961) the Pennsylvania "Supreme Court held that a Philadelphia police officer's refusal to submit to a polygraph test did not constitute just cause for dismissal where

... nowhere in the City Charter, the City Ordinances, the Civil Service Regulations, or the Police Department regulations is there a provision which authorizes the Police Commissioner or the Civil Service Commission, expressly or by implication, to force a city employee to submit to a polygraph or authorizes a dismissal for refusal to take such a test. *DeVito*, 404 Pa. at 359–360, 172 A.2d at 174." *Marion*, 505 A.2d at 364.

*DeVito* has not been overruled by the passage of 18 Pa.C.S. § 7321. "Before the passage of 18 Pa.C.S. § 7321, no law prohibited the use of polygraph tests as a condition of employment or continued employment. The passage of the provision established a general proscription against the use of the polygraph by employers as a condition of employment, but it merely exempted law enforcement officials from that general proscription. Accordingly, the passage of the provision granted no further authorization to law enforcement officials regarding the use of the polygraph than they enjoyed before its passage." *Marion*, 505 A.2d at 364.

The testimony, exhibits and evidence presented at the trial failed to prove the reliability of polygraph tests in general. Plaintiffs' expert, Leonard Saxe has concluded that "the available studies do not permit generalizations about the accuracy of polygraph tests." (Exhibit D–7, "Umpiring Controversy," Leonard Saxe, p. 40), and "that there is considerable variability in accuracy rates of polygraph examinations" (Exhibit D–8, "The Validity of Polygraph Testing," Leonard Saxe, p. 362). "An examiner's skill has long been recognized ... to have an important effect on polygraph validity, and has often been used to explain differences in accuracy rates ..." *Id.*

Although the defendants argue that the results of the polygraph test was not the sole ground for denying employment, the evidence refutes that denial. Commissioner Kevin Tucker testified at oral deposition on June 18, 1987 that "... if somebody does not past (sic) the polygraph exam there is no way I would authorize them (sic) or allow them (sic) to be a police officer. I would resist that." (See Deposition of Commissioner Kevin Tucker, p. 6). The Stipulation of Facts entered into by the parties, see Exhibit P–3, at paragraph 11 sets forth, "Passage of a polygraph exami-

nation is an absolute requirement for selection as a Police Officer or Correctional Officer."

The requirement that passage of a polygraph examination is an absolute requirement for selection as a police officer or correctional officer is contrary to the current state of the law as enunciated in *Tp. of Silver Spring v. Thompson, supra.*

We, therefore, find that the use by the defendants of the results of a polygraph examination as the sole ground for denying employment to the plaintiffs was improper, and, therefore, deprived the plaintiffs of rights guaranteed by 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution and Article 1, § 1 of the Constitution of the Commonwealth of Pennsylvania.

## ORDER

The Court finds in favor of the plaintiffs and against the defendants.

Judgment is entered in favor of the plaintiffs and against the defendants.

The defendants are ORDERED to review the qualifications of the plaintiffs and to consider them for the positions for which they applied without using the polygraph test results as the sole means for the qualification or disqualification.

IT IS SO ORDERED.