537 A.2d 63

Hatfield Township, Civil Service Commission of Hatfield and Chief M. R. Turner, Appellants v. William R. Stanley et al., Appellees.

Argued September 14, 1987, before Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*C. Stephens Vondercrone, Jr., Pearlstine/Salkin Associates,* for appellants.

*Leigh P. Narducci, Anderson, Narducci & Sullivan,* for appellees.

*Richard Gerber,* for amicus curiae, Robert M. Turner.

OPINION BY SENIOR JUDGE KALISH, February 4, 1988:

This is an appeal by Hatfield Township, the Civil Service Commission (Commission) and the Township Chief of Police (appellants) from an order of the Common Pleas Court of Montgomery County denying a motion for a new trial and for judgment N.O.V. and from the entry of a decree nisi as a final decree. We affirm.

The appellees, all police officers of the Hatfield Police Department and candidates for promotion to sergeant, filed a complaint in equity against the appellants, seeking an injunction to enjoin the appellants from requiring the candidates for promotion to sergeant to submit to a polygraph test.

The appellants filed preliminary objections to the complaint in equity contending that:

    (I) The appellees had failed to meet any of the prerequisites for the issuance of an injunction.

    (II) The appellees have a full, complete and adequate remedy at law.

(III)   Demurrer.

(IV)   Appellees have failed to join indispensable parties.

(V)   Appellees are not entitled to attorney's fees.

The trial court dismissed preliminary objections I, II, III and IV. It sustained preliminary objection V.

When a temporary restraining order was denied, the parties agreed that the appellees would submit to a physical examination but no other promotional process would be scheduled or held. Except for the appointment of two acting sergeants, the Board of Commissioners of Hatfield Township was enjoined from proceeding further in the appointment of the two sergeants to the police department unless and until so authorized by the trial court.

After three days of hearings, the trial court judge entered a decree nisi, and post-trial motions were filed. The trial court judge then entered a final order making the decree nisi a final decree. It is from this final order that Hatfield Township, the Commission and the Township Chief of Police appeal.

The trial court held that the Civil Service rules are very specific concerning qualifications for sergeant applications, but nowhere do they provide for a polygraph examination as part of the examination process and as a condition of appointment, and that therefore such a requirement is illegal and cannot be enforced. The court also held that the examination process was void and ordered the Commission to revise the procedure.

In *DeVito v. Civil Service Commission*, 404 Pa. 354, 359-60, 172 A.2d 161, 164 (1961), our Supreme Court stated, where this issue was raised:

Nowhere in the City Charter, the City Ordinances, the Civil Service Regulations, or the Po-

lice Department regulations is there a provision which authorizes the Police Commissioner or the Civil Service Commission, expressly or by implication, to force a city employee to submit to a polygraph test.

Section 7321 of the Crimes Code, 18 Pa. C. S. §7321, which proscribes against the use of the polygraph test as a condition of employment, but exempts law enforcement officers, is not an authorization to use the test. *Marion v. Green*, 95 Pa. Commonwealth Ct. 210, 505 A.2d 360 (1986).

Likewise, in the instant case, the fact that the application for the position of sergeant provided for such a test is not an authorization which empowers its use.

Accordingly, we affirm.

## ORDER

NOW, February 4, 1988 the order of the Court of Common Pleas of Montgomery County, No. 85-11142, dated December 9, 1986, is affirmed.

Senior Judge BARBIERI concurs in the result only.