538 A.2d 131

City of Philadelphia, Appellant *v.* Fraternal Order of Police, Lodge No. 5, and Arbitrator David Weinstein, Appellees.

Argued December 17, 1987, before Judges COLINS, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Susan Shinkman,* Divisional Deputy City Solicitor, for appellant.

*Anthony J. Molloy, Jr., Mozenter, Molloy and Durst,* for appellees.

OPINION BY JUDGE PALLADINO, February 26, 1988:

City of Philadelphia (Appellant) appeals an order of the Court of Common Pleas of Philadelphia County (trial court), which affirmed the decision of an arbitrator reversing Appellant's decision to discharge Reginald Adams, Willie Carroll, Bennie Noble, and George Smith (Grievants). We affirm.

Grievants were employed as police officers by Appellant and were union members of Fraternal Order of Police, Lodge No. 5 (Appellee). On February 26, 1986, the City of Philadelphia Police Department's Internal Affairs Division received an anonymous complaint about unusual behavior of some uniformed police officers. A surveillance team from Internal Affairs conducted an investigation of the complaint from February 27, 1986 to March 17, 1986 and observed a pattern where Grievants spent all of their time together, when not on assignment, in the area around Cobbs Creek Parkway in Philadelphia. The surveillance team also reported observing erratic driving of a patrol car and a flash of fire in the same area. On the day following the fire incident, the surveillance team returned to the area where Grievants allegedly were present and found a charred bottle cap, a straw, and a police report booklet. These materials were determined to be consistent with the use of

"crack," a refined form of cocaine. Grievants were also allegedly observed on duty outside of their assigned patrol sectors.

After concluding this investigation, the Police Department first requested that Grievants submit to urinalysis. Grievants refused to do so. The Police Department then ordered Grievants to submit to urinalysis. Grievants again refused to do so and were suspended with intent to dismiss. Grievants were later discharged for refusing a direct order, falsification of patrol log entries, and activity not in their assigned sector.

Grievants filed grievances against Appellant pursuant to procedures in the collective bargaining agreement between Appellant and Appellee and the matter was submitted to arbitration.[1] After a hearing, by decision dated January 17, 1987, an arbitrator determined that Appellant did not have the power to order Grievants to submit to urinalysis and directed that the discharges be modified to thirty (30) day disciplinary suspensions.[2] The arbitrator concluded that prior rule-making was necessary before a refusal to submit to urinalysis could justify a discharge. The arbitrator also determined that even if Appellant could order Grievants to submit to urinalysis, such order was improper in this case because Appellant lacked "reasonable suspicion" that Grievants were using drugs while on duty.

Appellant then filed a Petition for Review of Arbitration with the trial court. On June 17, 1987, the trial court issued an order affirming the award of the arbitrator and concluded that the award drew its essence from

---

[1] The issue presented to the arbitrator was as follows: "Under the terms of the Collective Bargaining Agreement, Philadelphia Home Rule Charter, and Civil Service Regulations, were grievants discharged for just cause? If not, what should the remedy be?"

[2] Appellant has not contested the arbitrator's modification of the discipline from a discharge to a thirty (30) day suspension.

the collective bargaining agreement. The trial court upheld the determination of the arbitrator that prior rulemaking was necessary before Grievants could be required to submit to urinalysis or face discharge for failure to comply.

On appeal to this court, Appellant contends that the arbitrator's award did not draw its essence from the collective bargaining agreement and argues that the arbitrator exceeded his authority. Appellant contends that the issue in this case is not the validity of the Police Department's order to submit to urinalysis but simply whether or not Grievants disobeyed a direct order. Appellant asserts that the arbitrator erred in failing to consider past practices of the Police Department in ordering urinalysis to test for drug use. Finally, Appellant contends that the arbitrator's determination that "reasonable suspicion" was required before urinalysis could be ordered constituted an impermissible analysis of the constitutionality of drug testing.

We note that our scope of review of an arbitrator's decision is limited and the decision will not be overturned if it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981). The Supreme Court in *Leechburg* held that the "essence test" requires a determination of whether the terms of the collective bargaining agreement encompass the subject matter of the dispute. *Id.* at 520-21, 424 A.2d at 1312-13. If the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's decision is not a proper matter for judicial review. *See Commonwealth v. Joint Bargaining Committee of Pennsylvania Social Services Union*, 88 Pa. Commonwealth Ct. 321, 489 A.2d 311 (1985).

In order to determine whether the arbitrator's award draws its essence from the terms of the collective bar-

gaining agreement, the award must be examined in light of the language of the collective bargaining agreement, its context, and any other indicia of the parties' intention. *McKeesport Area School District v. McKeesport Area Education Association*, 56 Pa. Commonwealth Ct. 224, 424 A.2d 979 (1981). Further, an arbitrator's just cause determination is reviewable to ensure that it is *reasonable* and draws its essence from the collective bargaining agreement. *Musser v. County of Centre*, 101 Pa. Commonwealth Ct. 193, 515 A.2d 1027 (1986).

In this case, the collective bargaining agreement neither authorizes nor prohibits drug testing. Article XVIII of the collective bargaining agreement specifies that no employee shall be disciplined or discharged except as is consistent with the Philadelphia Home Rule Charter and the regulations of the Civil Service Commission. We note that the Philadelphia Home Rule Charter[3] establishes "just cause" as the standard by which the propriety of an employee's discharge is measured. We hold that the question of whether Grievants were discharged for just cause (for their refusal to submit to urinalysis) is encompassed within the terms of the collective bargaining agreement.

The arbitrator, in this case, concluded that Grievants had not been discharged for "just cause" when their discharge was based upon a refusal to submit to urinalysis. The arbitrator determined that Appellant did not have the power to order Grievants to submit to urinalysis because urinalysis is an information-gathering device for which a prior rule must be promulgated. In reaching this conclusion, the arbitrator relied on two cases—*DeVito v. Civil Service Commission*, 404 Pa. 354, 172 A.2d 161 (1961) and *Marion v. Green*, 95 Pa.

---

[3] Title 351 of Philadelphia Home Rule Charter, §7.7-303.

Commonwealth Ct. 210, 505 A.2d 360 (1986), *allocatur denied,* 514 Pa. 633, 522 A.2d 560 (1987).

The Supreme Court in *DeVito* addressed the issue of whether a Philadelphia police officer, suspected of taking cash and checks from a business, could be dismissed for "just cause" based upon his refusal to submit to a polygraph test. The court recognized that the Philadelphia City Charter, City Ordinances, Civil Service Regulations, and police department regulations contained no express or implied provision authorizing the police commissioner or Civil Service Commission to require city employees to submit to polygraph tests *or* to dismiss an employee for refusal to take such a test. *Id.* at 359-60, 172 A.2d at 174. Thus, the court concluded that the police commissioner and Civil Service Commission could not require the police officer in *DeVito* to submit to a polygraph and could not dismiss him on the basis of his refusal to take the test.

In *Marion,* this court was presented with the question of whether a police department could condition the reinstatement of a police officer upon compliance with an unwritten policy that returning officers submit to a polygraph examination in order to determine continued fitness for duty. We held that where the police department was utilizing information-gathering procedures, which it has stated are "standard," a properly promulgated rule is essential. *Id.* at 216, 505 A.2d at 363.

The arbitrator's conclusion that prior rule-making is necessary because urinalysis is similar in nature to polygraphs was reasonable in light of *Marion* and *DeVito.* The award of the arbitrator in this case rationally derives its essence from the terms of the parties' agreement and from the Philadelphia Home Rule Charter and Civil Service Regulations, which are incorporated by reference into the agreement. So long as the arbitrator's interpretation of the collective bargaining agree-

ment was reasonable, this court will not intrude into the domain of the arbitrator simply because its interpretation might differ from that of the arbitrator. *See School District of the City of Duquesne v. Duquesne Education Association, PSEA/NEA*, 99 Pa. Commonwealth Ct. 63, 512 A.2d 103 (1986).

Because we conclude that the arbitrator's award draws its essence from the collective bargaining agreement and because the arbitrator did not exceed his authority, the trial court properly upheld that award.[4]

Accordingly, we affirm.

ORDER

AND NOW, February 26, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

Judge COLINS dissents.

---

[4] Because we conclude that the arbitrator's award was reasonable on the grounds that prior rule-making is necessary before a refusal to submit to urinalysis can constitute just cause for dismissal, we need not address Appellant's contention that the arbitrator based his award on an impermissible analysis of constitutional law.