545 A.2d 417

Donald Wishnow, Appellant *v.* City of Philadelphia, Orville Jones and Morton Solomon, Appellees.

City of Philadelphia, Appellant *v.* Donald Wishnow, Appellee.

Argued June 14, 1988, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Deborah R. Willig,* with her, *Nancy J. McCauley,* and *Nancy B.G. Lassen, Kirschner, Walters & Willig,* for appellant.

*Richard C. McNeill, Jr.,* Assistant City Solicitor, for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 29, 1988:

A Philadelphia County Common Pleas Court order granted Donald Wishnow's motion for summary judgment and ordered him reinstated without back pay to the Philadelphia Police Department. The City of Philadelphia appeals the reinstatement. Wishnow appeals the denial of back pay. For the reasons set forth below, we reverse Wishnow's reinstatement.

Wishnow, a probationary civil servant, was assigned to photograph and process criminal suspects for the police department. After Wishnow processed two criminal suspects out of sequence, an investigation ensued.[1] Wishnow agreed to answer questions about the incident; however, he refused to submit to a polygraph, despite a warning that his failure to do so could jeopardize retention as a full-time civil service employee. As a result of his refusal, Wishnow was notified five days prior to the end of his probationary period that he would not be retained.

Wishnow sued the City, its Police Commissioner and Personnel Director for reinstatement. His complaint in equity alleged that "the decision . . . to termi-

---

[1] The investigation was jointly conducted by the Police Internal Affairs Department and the District Attorney's office.

nate the plaintiff Wishnow because of his refusal to take a polygraph examination is a violation of law and therefore constitutes a violation of public policy." Wishnow also alleged that no adequate remedy at law existed.

The common pleas court, based on stipulated facts and cross motions for summary judgment, concluded that Wishnow's dismissal for refusing a polygraph constituted a violation of public policy. *DeVito v. Civil Service Commission*, 404 Pa. 354, 172 A.2d 161 (1961). *Marion v. Green*, 95 Pa. Commonwealth Ct. 210, 505 A.2d 360 (1986), *appeal denied*, 514 Pa. 633, 522 A.2d 560 (1987).

In reviewing a common pleas court's grant of summary judgment, our scope of review is limited to determining whether the court committed an error of law or abused its discretion. *Farley v. Township of Upper Darby*, 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986), *appeal denied*, 517 Pa. 611, 536 A.2d 1334 (1987).

The City contends that because Wishnow .was a probationary employee with no expectation of continued employment, it could refuse to retain him based solely on his refusal to take the polygraph exam.

Section 7.7-401(j) of the Philadelphia Home Rule Charter provides that the City enact regulations mandating

A period of probation not to exceed six (6) months before appointment or promotion may be complete, and during which period a probationer may, with the consent of the Personnel Director, be discharged or reduced in class or rank or replaced on the eligible list.

Pursuant to that mandate, Philadelphia Civil Service Regulations, Chapter 14, were enacted. Regulation 14.01 provides that:

All persons appointed from . . . preferred eligible lists shall be subject to a probationary pe-

riod of six (6) months, except as may be otherwise provided in the Regulations. The period of probation is expressly understood to be part of the . . . entrance examination . . . and that the status of the appointee . . . as a permanent employee is not approved until successfully completing his period of probation.

Moreover, Regulation 14.04 provides:

At any time during the probationary period, the appointing authority, or his designated representative, with approval of the Director, may discharge . . . a probationary employee, if said . . . . representative, determine that such employee is unable or unwilling to perform his duties satisfactorily or that his habits and dependability do not merit his continuance in the City service. . . .

It is well settled that probationary employees are not afforded the constitutional safeguards, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972); *Marino v. Pennsylvania State Police*, 87 Pa. Commonwealth Ct. 40, 486 A.2d 1033 (1985), or the job security afforded full-status employees. *Hunter v. Jones*, 417 Pa. 372, 207 A.2d 784 (1965).

The City regulations confer no expectation of continued employment on a probationer. They merely require notice and a demonstration of cause to justify nonappointment. According to the stipulated facts, the City notified Wishnow that he was not retained because of his failure to cooperate with an official investigation.

Wishnow contends, however, that this Court's decision in *Marion v. Green* prohibits the conditioning of continued employment on polygraph testing because of public policy against such procedure.

*Marion v. Green* is distinguishable. There, we dealt with a full status police officer's reinstatement. As previ-

ously stated, Wishnow's *probationary* status does not afford him the justifiable expectation that he will automatically enter the civil service as a full-time employee.

Here, the City's request that Wishnow submit to a polygraph was not arbitrary and was nothing more than a legitimate investigative device considered necessary in the course of an official determination of the qualifications of a probationer. We conclude that a probationer could not expect continued employment for failing to cooperate with such an investigation.[2]

Accordingly, we reverse the common pleas court order reinstating Wishnow.

ORDER

The Philadelphia County Common Pleas Court order reinstating Donald Wishnow, No. 3602 November Term 1982 dated June 27, 1987, is hereby reversed. That part of the Order denying back pay is affirmed.

---

[2] Our disposition of the question of Wishnow's reinstatement obviates a discussion of his contention that he is entitled to back pay, the denial of which we affirm.