592 A.2d 823

**CITY OF PHILADELPHIA, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LABOR RELATIONS BOARD and American Federation of State, County and Municipal Employees, Local 159, AFL–CIO, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1991.

Decided June 4, 1991.

---

**5.** *See supra* note 2.

Maureen E. Laflin, for appellant.

Peter Lassi, for appellees.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

The City of Philadelphia (City) appeals an order of the Court of Common Pleas of Philadelphia County (common pleas court), affirming an order of the Pennsylvania Labor Relations Board (Board). The Board concluded that City violated Section 1201(a)(8) of the Public Employees Relations Act (PERA) [1] by requiring Jacque Whaumbush (Employee) to meet the City's height and weight standards as a precondition to his being reinstated pursuant to an arbitration award. We reverse.

Employee, a City prison corrections officer and a member of the American Federation of State, County and Municipal Employees Union (AFSCME), received notice from the su-

---

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.1201(a)(8). This section provides that it is an unfair labor practice for a public employer to refuse "to comply with the provisions of an arbitration award deemed binding under section 903 of Article IX."

perintendent of prisons that by being absent without leave for 5 consecutive days, Employee had abandoned his position. Employee filed a grievance, proceeded to arbitration, and received the following award:

[T]he grievant shall be reinstated within ten (10) calendar days of the City's receipt of this Award.

The period of his separation from service shall be treated as a disciplinary suspension, without pay.

Hearing Transcript, Joint Exhibit 1 (Award of Arbitrator) at 1. At the time the arbitration award was issued, Employee had been separated from his employment for ten months. No appeal was taken from the arbitration award.

When Employee became available for reinstatement one month later, City required him to submit to a physical examination under Philadelphia Civil Service Regulation 9.1411 which provides:

*An employee to be reinstated following absence from work due to layoff, leave without pay, military leave, or resignation*[2] *shall be required to submit to a medical examination before being returned to work* if the reinstatement is to other than one of the classifications designated by the Director as non-physically demanding, or *if the absence was for a period of six (6) months or longer,* or if the individual to be reinstated was hospitalized or treated by a physician during his/her absence. If, as a result of the medical findings, the examining physician does not recommend approval of the reinstatement, the proposed reinstatement may be disapproved.

(Emphasis added.) Because Employee exceeded the maximum weight limit for a person his height, the examining physician did not recommend approval of his reinstatement and Employee was not reinstated.

2. This court, interpreting Regulation 9.1411 in *Kleschick v. O'Neill,* 35 Pa.Commonwealth Ct. 130, 384 A.2d 1370 (1978), held that an employee, who has been absent from work because of a disciplinary suspension, has no greater right to return to duty than an employee who has been absent from work because of layoff, military leave or leave without pay.

AFSCME, on Employee's behalf, filed unfair labor practice charges against the City with the Board. AFSCME was given a hearing. The hearing examiner issued a proposed decision that City had violated Section 1201(a)(8) of PERA and ordered City to reinstate Employee with back pay.

City filed exceptions to the proposed decision with the Board. The Board concluded that City had violated Section 1201(a)(8) of PERA and ordered Employee's reinstatement with back pay from the date Employee became available for reinstatement. City appealed to the common pleas court, which took no additional evidence, thereby limiting its scope of review to a determination of whether the Board's findings are supported by substantial evidence or whether the Board's conclusions drawn from the findings were reasonable and not capricious, arbitrary, or illegal. *St. Joseph's Hospital v. Pennsylvania Labor Relations Board,* 473 Pa. 101, 373 A.2d 1069 (1977). The common pleas court affirmed.

On appeal to this court, City raises one issue: whether City committed an unfair practice by requiring Employee to meet the height and weight requirements as part of a Regulation 9.1411 physical examination prior to reinstatement. The well-established law of this Commonwealth is that, where an appeal is taken from a court of common pleas decision reviewing a Board order as to unfair labor practices, this court's scope of review is limited to a determination of whether the findings of the Board are supported by substantial evidence and whether the conclusions drawn from those findings are reasonable and not capricious, arbitrary or illegal. *Delaware County Solid Waste Authority v. Pennsylvania Labor Relations Board,* 125 Pa.Commonwealth Ct. 155, 557 A.2d 795 (1989); *Amalgamated Transit Union, Division 85 Appeal,* 61 Pa.Commonwealth Ct. 207, 433 A.2d 578 (1981); *Giovinazzo v. Pennsylvania Labor Relations Board,* 52 Pa.Commonwealth Ct. 426, 415 A.2d 1267 (1980).

City argues that Regulation 9.1411 mandates that all civil service employees must pass a medical examination before they are reinstated if they have been absent from employment for six months or more.[3] City asserts that "[Employee's] return to work after an eleven month disciplinary suspension should not give him greater rights than other people covered by Regulation 9.1411." City contends that the Board erred by concluding that Regulation 9.1411 does not apply to Employee.

AFSCME argues that the Board enforced the arbitrator's award according to its terms. AFSCME states that the arbitrator neither explicitly or implicitly conditioned Employee's reinstatement on his passing a medical examination. AFSCME asserts the Board correctly concluded that City improperly imposed its own conditions on Employee's reinstatement.[4]

 When considering an unfair labor practice charge, the Board must determine: 1) if the award exists; 2) if the appeal procedure available to the party under the rule has been exhausted; and then 3) whether the party has failed to comply with the provisions of the arbitrator's decision. *State System of Higher Education v. Pennsylvania Labor*

3. City contends that the collective bargaining agreement specifically incorporates the Civil Service Regulations, including Regulation 9.1411.

4. AFSCME also contends that City inconsistently applied the height and weight requirements to Claimant, relying on *Marion v. Green,* 95 Pa.Commonwealth Ct. 210, 505 A.2d 360 (1986) *petition for allowance of appeal denied* 514 Pa. 633, 522 A.2d 560 (1987). In *Marion,* the Philadelphia Civil Service Commission ordered the reinstatement of an employee. The City refused to reinstate the employee because he would not submit to a polygraph test. The City asserted that its policy was to require all applicants for reinstatement to submit to polygraph tests. The employee presented evidence that other applicants for reinstatement were not required to submit to a test. We held in *Marion* that because the City did not announce its policy in advance by written regulation, its refusal to reinstate the employee was improper.

In the present case, because City's requirement that Employee pass a physical examination was based on a civil service regulation, *Marion* is inapplicable. As to the inconsistency argument, Employee does not argue that City has not applied Regulation 9.1411 to other similarly situated employees. Accordingly, this argument fails.

*Relations Board,* 107 Pa.Commonwealth Ct. 151, 528 A.2d 278 (1987).[5] We must determine whether the Board's interpretation of the arbitrator's award is supported by the record, violative of the rights of the aggrieved party or contrary to existing law. *Id.*

█ The Philadelphia Civil Service Regulations apply to all officers and employees of the City, with exceptions not relevant here. Philadelphia Home Rule Charter, 351 Pa. Code §§ 7.7–300—7.7–303. Under Regulation 9.1411, an employee, who is to be reinstated to physically demanding employment, must submit to a physical examination. Obviously, this is necessary to insure that the employee can physically perform his prospective duties without injury to himself, co-workers or others. It would be absurd for this court to conclude that the City must ignore an applicant's actual physical condition, even obvious physical inability to perform prospective duties, merely because the applicant's reinstatement is directed by an arbitrator.

█ In the present case, the arbitrator directed that Employee be reinstated to a prison corrections officer position. The parties agree that generally an applicant for reinstatement to a prison correction officer position must submit to a regulation 9.1411 examination because the position does not fall within "one of the classifications designated ... as non-physically demanding." From their agreement it can be concluded that being a prison corrections officer is physically demanding employment. Consequently, the employment to which Employee seeks reinstatement is physically demanding.

Regulation 9.1411 provides that "[i]f as a result of the medical findings, the examining physician does not recommend approval of the reinstatement, the proposed reinstatement may be disapproved." Here, as a result of his examination and medical findings, the physician decided that Employee was unable to perform the physically demanding

5. It is not disputed that the Board correctly decided that an arbitration award exists and that the appeal procedure has been exhausted.

duties of a prison corrections officer and did not recommend approval. Consequently, the City disapproved the reinstatement. As we have already stated, to conclude that Employee should be reinstated, despite his inability to perform his duties, merely because the reinstatement decision was part of an arbitrator's award is unsupportable. We hold that Employee's reinstatement was properly subjected to the requirement of Regulation 9.1411. Consequently, the Board's decision is contrary to mandatory requirement of Regulation 9.1411.

Accordingly, we reverse.

### ORDER

AND NOW, June 4, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

PELLEGRINI, Judge, concurring.

I concur with the majority opinion but write separately to state that I believe the result would have been different if the arbitrator had not imposed that the ten months the employee was separated from service as a disciplinary suspension, but rather found that the disciplinary action was totally unjustified and awarded back pay for the entire separation. If that had been the decision, the arbitrator would then have placed the employee back to work as if there was no break in service, thereby making City of Philadelphia Civil Service Regulation 9.1411 legally inapplicable.